UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SAM B.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. 2:19-CV-00354-DWC

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of his application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes Plaintiff has failed to show the Administrative Law Judge ("ALJ") erred when he found Plaintiff's ankle impairments did not meet or equal Listing 1.02A. Further, Plaintiff has not shown the ALJ erred in his consideration of the medical evidence, Plaintiff's residual functional capacity ("RFC") assessment, or the vocational expert's testimony. Accordingly, the decision of the Commissioner of Social Security ("Commissioner") is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

# FACTUAL AND PROCEDURAL HISTORY

On March 5, 2015, Plaintiff filed an application for DIB, alleging disability as of March 1, 2007. *See* Dkt. 9, Administrative Record ("AR") 15. The application was denied upon initial administrative review and on reconsideration. *See* AR 14. A hearing was held before ALJ Eric S. Basse. *See* AR 46-93. At the hearing, Plaintiff amended his alleged onset date to March 1, 2008. *See* AR 15, 51-52. On January 22, 2018, the ALJ entered a decision finding Plaintiff not disabled. AR 15-36. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-5, 20 C.F.R. § 404.981, § 416.1481.

In the Opening Brief, Plaintiff maintains the ALJ erred by failing to properly: (1) consider whether Plaintiff met Listing 1.02A; (2) consider the medical opinion evidence; (3) evaluate the RFC and vocational expert's testimony; and (4) support the decision with the evidence of record. Dkt. 15.

# STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

# DISCUSSION

**I.  Whether the ALJ erred in failing to find Plaintiff's ankle impairments met Listing 1.02A at Step Three.**

At Step Three of the sequential evaluation process, the ALJ considers whether one or more of the claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). Each Listing sets forth the "symptoms, signs, and

laboratory findings" which must be established in order for a claimant's impairment to meet the Listing. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). If a claimant meets or equals a Listing, the claimant is considered disabled without further inquiry. *See* 20 C.F.R. § 416.920(d).

The burden of proof is on the claimant to establish he meets or equals any of the impairments in the Listings. *See Tacket*, 180 F.3d at 1098. "A generalized assertion of functional problems," however, "is not enough to establish disability at step three." *Id.* at 1100 (citing 20 C.F.R. § 404.1526). A mental or physical impairment "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508. It must be established by medical evidence "consisting of signs, symptoms, and laboratory findings." *Id.*; *see also* Social Security Ruling ("SSR") 96–8p, 1996 WL 374184 *2 (a step three determination must be made on basis of medical factors alone). An impairment meets a listed impairment "only when it manifests the specific findings described in the set of medical criteria for that listed impairment." SSR 83–19, 1983 WL 31248 *2.

Plaintiff argues the ALJ erred by failing to find Plaintiff's ankle impairments met or equaled Listing 1.02A. Dkt. 15, pp. 5-6. Listing 1.02A pertains to major dysfunction of a joint involving one major peripheral weight-bearing joint resulting in an inability to ambulate effectively. 20 C.F.R. Part 404, Subpart P, Appendix 1§ 1.02A.

> Inability to ambulate effectively means an extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning (see 1.00J) to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities.

20 C.F.R. Part 404, Subp. P, App. 1§ 1.00B(1). Examples of ineffective ambulation include, "the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a

block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities." 20 C.F.R. Part 404, Subp. P, App. 1§ 1.00B(2).

At Step Three, the ALJ found Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." AR 24. The ALJ also provided specific discussion of the medical evidence and determined Plaintiff's impairments did not meet or equal the criteria of Listing 1.02 during the relevant period. AR 24. In making this determination, the ALJ cited evidence showing Plaintiff has a normal gait. *See* AR 24, 408 (non-antalgic gait, able to perform heel ambulation), 481 (gait /station within normal limits), AR 687 (arc of full motion, no joint instability, strength 5/5), 859 (normal gait, can heel and toe walk, although complains of pain). While not explicitly stated, the ALJ concluded the record supported finding Plaintiff has a normal gait and, therefore, can ambulate effectively. *See* AR 24. Furthermore, the record contains additional examinations and opinions showing Plaintiff did not have an extreme limitation in his ability to walk. *See e.g.* AR 690 (able to walk for 30 minutes), 883 (able to walk three to six hours in an eight-hour day), 1337 (no evidence of antalgic gait except for lateral abnormality, normal heel strike, no imbalance with toe and tandem walking, but could not heel walk).

Plaintiff cites to one treatment note to support his assertion that the ALJ erred when he failed to find Plaintiff's ankle impairment met or equaled Listing 1.02A. *See* Dkt. 15, p. 6. The cited treatment note shows Plaintiff complained of left ankle pain on December 20, 2012. AR 714. He stated his pain limited his ability to tolerate walking, standing, or physical activity. AR 714. The doctor noted ankle instability, decreased range of motion, and abnormal strength and tone. AR 714. The sole treatment note does not, however, show Plaintiff's ankle impairments result in an

inability to ambulate effectively, as defined by the Listings. *See* AR 714. For example, the treatment note does not contain evidence showing Plaintiff cannot independently ambulate without the use of a hand-held assistive device that limits the functioning of both upper extremities. *See* AR 714; 20 C.F.R. Part 404, Subp. P, App. 1§ 1.00B(1).

Plaintiff has not offered a plausible theory explaining how the evidence shows Plaintiff meets Listing 1.02A. Plaintiff has also not argued the ALJ's consideration of the evidence was erroneous. *See* Dkt.15, p. 6. Therefore, Plaintiff failed to show the ALJ erred at Step Three of the sequential evaluation process when determining Plaintiff's ankle impairments did not meet or equal Listing 1.02A. *See Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005) (affirming the district court's finding that the claimant "bears the burden of proving that ... she has an impairment that meets or equals the criteria of an impairment listed in Appendix 1 of the Commissioner's regulations"); *Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001) (finding the ALJ did not err at Step Three when the plaintiff offered no theory, plausible or otherwise, as to how his impairments combined to equal a listed impairment or pointed to evidence showing his combined impairments equal a listed impairment); *see also Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

**II.     Whether the ALJ properly considered the medical evidence.**

Plaintiff next contends the ALJ erred by failing to discuss the weight given to medical records. Dkt. 15, pp. 7-8. Specifically, Plaintiff argues the ALJ failed to properly consider and give significant weight to medical records showing Plaintiff was having significant ankle issues until January 2013. *Id*.

The ALJ "need not discuss all evidence presented." *Vincent ex rel. Vincent v. Heckler*, 739 F.3d 1393, 1394-95 (9th Cir. 1984). But, the ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent*, 739 F.2d at 1395). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores*, 49 F.3d at 571. However, "[t]he Ninth Circuit has held when a treating physician does not place any specific functional limitations on a claimant or opine a claimant is unable to work, the ALJ need not provide reasons to reject the physician's findings." *Fuge v. Astrue*, 2013 WL 76272, at *6 (D. Or. Jan. 4, 2013).

Here, the ALJ found Plaintiff had a severe impairment of bilateral ankle impairments. AR 18. The ALJ discussed the medical records and medical opinion evidence related to Plaintiff's ankle impairments. *See* AR 28-29. In the RFC, the ALJ limited Plaintiff, in relevant part, to standing and/or walking for four hours in an eight-hour day. AR 24. The ALJ also found Plaintiff could not crawl or kneel, and could only occasionally balance, stoop, and crouch. AR 24.

Plaintiff argues the medical records related to Plaintiff's ankle issues should be given significant weight. Dkt. 15, pp.7-8. Plaintiff, however, does not explain *how* the ALJ's decision failed to properly account for the medical evidence. *See id*. Plaintiff also fails to show any harmful error due to the ALJ's alleged failure to properly consider medical records showing Plaintiff had significant ankle issues. *See id*. For example, Plaintiff does not allege the medical records include functional limitations that were not included in the RFC. Therefore, the Court finds Plaintiff has not shown the ALJ erred in his consideration of the medical records. *See Shinseki v. Sanders*, 556 U.S. 396, 410 (2009) (finding the plaintiff has the burden of demonstrating there are harmful errors in the ALJ's decision); *Valentine v. Commissioner of Social Sec. Admin.*, 574 F.3d 685, 692, n. 2 (9th Cir. 2009) (rejecting "any invitation to find that the ALJ failed to account for [the

claimant's] injuries in some unspecified way" when the claimant failed to detail what limitations followed from the evidence beyond those already listed in the RFC); *Crawford v. Colvin*, 2014 WL 2216115, at *9 (W.D. Wash. May 29, 2014) (finding the plaintiff failed to demonstrate error when she failed to demonstrate the ALJ's reliance on other evidence and interpretation of the evidence overall was not rational).

### III. Whether the ALJ erred in evaluating the RFC and the vocational expert's testimony.

Plaintiff argues the ALJ erred in evaluating the RFC because the ALJ did not account for the medical records showing Plaintiff suffered from significant ankle problems after he had surgery in 2012 and 2013. Dkt. 15, pp. 8-9.

An RFC is "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-9p, 1996 WL 374184, at *1 (1996). An RFC must include an individual's functional limitations or restrictions and assess his "work-related abilities on a function-by-function basis." *Id.* Furthermore, an RFC must take into account all of an individual's limitations. *Valentine*, 574 F.3d at 690.

In the RFC, the ALJ limited Plaintiff to light work except Plaintiff could only stand and/or walk for four hours in an eight-hour day, could not crawl or kneel, and could only occasionally balance, stoop, and crouch. AR 24.[1]

Plaintiff contends his ankle impairments impact his ability to climb stairs, ladders, ropes, and scaffolds, stoop and kneel, and stand for occasional periods. Dkt. 15, p. 8. Yet, Plaintiff cites to no evidence showing his ankle impairments cause the alleged functional limitations. *See id.* Plaintiff cites to one medical record that shows Plaintiff had bilateral ankle pain on December

---

[1] The RFC contains additional limitations that are not relevant to Plaintiff's argument. *See* AR 24.

20, 2012. *See id.*; *see also* AR 714. The treatment note contains a physical examination showing Plaintiff had decreased range of motion, abnormal strength and tone, and instability in his ankle. AR 714. The treatment note does not include any functional limitations, nor show Plaintiff is unable to meet the demands of the RFC. *See* AR 714. As such, Plaintiff has not shown the ALJ failed to properly evaluate the RFC. *See Overton-Perez v. Berryhill*, 2017 WL 1591870, at *9 (D. Or. May 1, 2017) ("[o]nly limitations supported by substantial evidence must be incorporated into the RFC"); *Whitfield v. Colvin*, 2014 WL 907332, at *7 (E.D. Cal. Mar. 7, 2014), *aff'd,* 609 F. App'x 490 (9th Cir. 2015) (finding the ALJ did not err in consideration of the RFC, in part, because the plaintiff "point[ed] to no medical opinion in the record that assigns more restrictive limitations caused by plaintiff's alleged physical impairments" than assigned in the RFC).

    Plaintiff also asserts the ALJ improperly relied on the vocational expert's ("VE") testimony because the ALJ did not consider all Plaintiff's reported symptoms when posing hypothetical questions to the VE. Dkt. 15, p. 9. Hypothetical questions posed to the VE do not need to include limitations that the ALJ finds unsupported by the record. *Osenbrock v. Apfel*, 240 F.3d 1157, 1163–65 (9th Cir. 2001); *see Parnell v. Astrue*, 2010 WL 529325, at *6 (C.D. Cal. Feb. 12, 2010) (quoting *Osenbock*, 240 F.3d at 1165) ("an ALJ may limit a hypothetical 'to those impairments that are supported by substantial evidence in the record'").

    Plaintiff fails to show the RFC does not include all the credible limitations contained in the record. Further, while Plaintiff states the ALJ did not account for Plaintiff's reported symptoms, Plaintiff does not challenge the ALJ's decision to give less weight to Plaintiff's subjective symptom testimony. *See* Dkt. 15. The ALJ posed hypothetical questions to the VE that accurately reflected the RFC assessment he reached after a thorough and comprehensive review of the evidence in the record. *See* AR 15-36, 84-89. Therefore, the RFC assessment and

the hypothetical questions posed to the VE were properly based on the credible functional limitations contained in the record, and thus both the RFC assessment and the hypothetical question posed to the VE were proper. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (an ALJ's RFC assessment only needs to incorporate credible limitations supported by substantial evidence in the record); *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) (the ALJ "is free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence"). Accordingly, Plaintiff has not shown the ALJ erred in his assessment of the RFC or in evaluating the VE's testimony. *See Houghton v. Comm'r Soc. Sec. Admin.*, 493 F. App'x 843, 846 (9th Cir. 2012).[2]

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ properly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 28th day of October, 2019.

David W. Christel
United States Magistrate Judge

---

[2] In a conclusory manner, Plaintiff argues the ALJ's decision is not supported by substantial evidence. Dkt. 15, p. 10. Plaintiff requests the Court scrutinize the entire record and interfere with the ALJ's decision. *Id*. Plaintiff, however, identifies no specific error and fails to point to any portion of the ALJ's decision that is unsupported by substantial evidence. *See id*. As such, the Court finds Plaintiff has not shown the ALJ's decision is unsupported by substantial evidence.